UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:21-00138 (WOB-CJS)

G.T., a minor child,
by and through his next
friend and parent, A.T.,
ET AL.,                                              PLAINTIFFS,

VS.                    MEMORANDUM OPINION AND ORDER

CAMPBELL COUNTY BOARD
OF EDUCATION, ET AL.,
                                                     DEFENDANTS.

Before the Court is Plaintiffs' Motion for Attorneys' Fees. (Doc. 37). The motion has been briefed and the Court now issues this Memorandum Opinion and Order.

*Factual and Procedural Background*

G.T. is a teenager with Down Syndrome. (Doc. 22 at 3; Doc. 20-1 at 3). In 2019, his parents requested a due process hearing under the Individuals with Disabilities Education Act (IDEA). (Doc. 20-1 at 3-5). That Act provides federal funding to states to help educate disabled children. 20 U.S.C. § 1400. In exchange for the funding, the state must provide disabled children with a "free appropriate public education." § 1412(a)(1). G.T.'s parents claimed that the Campbell County School District failed to do so for G.T. (Doc. 20-1 at 5).

In the letter requesting the hearing, Plaintiffs identified six issues and sought 13 items of relief. (*Id.* at 4–5). One of the issues was "[w]hether the Campbell County School District failed to provide [G.T.] with a free appropriate public education in violation of 707 KAR 1:290[.]" (*Id.* at 4). The relief sought included:

> 8) An order requiring the Campbell County School District to reimburse [G.T.'s] parents for their out of pocket expenses related to [G.T.'s] education;
>
> 9) An order requiring the Campbell County School District to provide daily transportation to and from [G.T.'s] private educational placement or reimburse his parents for the costs of such;
>
> 10) That [G.T.] be awarded compensatory education, via the costs of private placement for the time in which he was denied a free and appropriate public education[.]

The hearing that G.T.'s parents requested was granted. (*Id.* at 6). Before it was held, the school district made a settlement offer. (Doc. 38-1). Plaintiffs rejected the offer.

The hearing was held in November 2020. (*Id.* at 109). Following post-hearing briefing, the Hearing Officer issued a Final Order concluding that most of the school district's actions did not harm G.T. or that any harm was de minimis. (*Id.* at 242–72). But one of Plaintiffs' claims did have merit: The school failed to monitor G.T.'s iPad use in the spring of 2019, resulting in 22 days where he received no meaningful education. (*Id.* at 261). The Hearing

2

Officer concluded that the school district could remedy that by providing G.T. with compensatory education time and ordered them to do so. (*Id.* at 270-71).

G.T. appealed the Hearing Officer's Final Order to the Exceptional Children's Appeal Board. (*Id.* at 281). After briefing, the Board issued its Final Decision and Order. (*Id.* at 345-69). The Board reached the same conclusions as the Hearing Officer on all issues. (*Id.*).

G.T.'s parents withdrew him from the school district and began teaching him at home. (Doc. 27 at 7) They said their home "should be seen as no different than a private school[.]" (Doc. 20-1 at 240).

In the meantime, they appealed the findings of the Hearing Officer and Appeals Board to this Court. (Doc. 1). Both sides moved for Judgment on the Record. (Doc. 22; Doc. 27). The Court granted Defendants' motion and dismissed the case. (Doc. 36). Plaintiffs then moved for attorneys' fees. (Doc. 37).

## *Analysis*

The IDEA allows the Court to award reasonable attorneys' fees to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I). There is no question that Plaintiffs A.T. and M.T. are the parents of a child with a disability. The question is whether they are prevailing parties.

3

A prevailing party is "one who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Burton v. Cleveland Heights Univ. Heights Bd. of Educ.*, No. 18-3595, 2019 WL 2714860, at *2 (6th Cir. 2019) (quoting *Tompkins ex rel. A.T. v. Troy Sch. Dist.*, 199 F. App'x 463, 465 (6th Cir. 2006)) (cleaned up). The "touchstone" of prevailing party status is "the material alteration of the legal relationship of the parties." *Id.* (quoting *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 526 (6th Cir. 2003)). In other words, the court-ordered relief must benefit the plaintiff by modifying the defendant's behavior. *Tenn. State Conf. of NAACP v. Hargett*, No. 21-6024, 2022 WL 16960480, at *2 (6th Cir. 2022) (quoting *McQueary v. Conway*, 614 F.3d 591, 598 (6th Cir. 2010)).

Here, the Plaintiffs are prevailing parties because they succeeded on one of their issues: whether the school district provided G.T. with a free appropriate public education. (Doc. 20-1 at 4). The Hearing Officer's Final Order (affirmed by both the Appeals Board and this Court) concluded that the school district did not do that because it "fail[ed] to provide meaningful special education for 22 days." (*Id.* at 269).

The Plaintiffs are also prevailing parties because their legal relationship with the school district has changed. The Final Order required the school district to "provide the student 2,640 additional minutes of special education of (or exceeding) the type

4

typically provided in the resource room and 990 minutes of the type typically provided in collaboration." (Doc. 20-1 at 271). That is a legal obligation the school district would not otherwise have. So the Final Order was a "material alteration of the legal relationship of the parties." *Burton*, 2019 WL 2714860, at *2.

But while the IDEA allows for attorneys' fees, it also prohibits them in some cases. It prohibits them for any services performed after a written settlement offer if 1) the offer is made more than ten days before an administrative proceeding, 2) the offer is not accepted within ten days, and 3) the court or administrative officer finds that the relief obtained is less favorable to the parents than the terms of the offer. 20 U.S.C. § 1415(i)(3)(D)(i).

All three of those requirements are met here. First, the school district made a settlement offer on February 20, 2020, nearly nine months before the administrative hearing. (Doc. 38-1). Second, the Plaintiffs never accepted that offer. And third, the relief the Plaintiffs received was less favorable than the terms of the settlement offer.

The Plaintiffs' relief was less favorable because it provided something that Plaintiffs did not really want. It ordered the school district to provide 3,630 minutes of compensatory education. (Doc. 20-1 at 271). But Plaintiffs did not want more instruction from the school district. They wanted the school

5

district to pay for G.T.'s private education. (*Id.* at 5). In fact, they withdrew G.T. from the district and started teaching him at home, which they saw as equivalent to private education. (*Id.* at 240; Doc. 27 at 7).

The settlement offer, on the other hand, was more akin to what Plaintiffs actually wanted. They sought reimbursement for G.T.'s out-of-pocket education costs; transportation to and from G.T.'s private education placement; and compensatory education "via the costs of private placement[.]" (Doc. 20-1 at 5). The settlement offer provided all of those. (Doc. 38-1). So attorneys' fees may not be awarded for any services performed after the school district's February 20, 2020, settlement offer.

Therefore, for the reasons stated above, **IT IS ORDERED** that:

1. Plaintiffs' Motion for Attorneys' Fees is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendants **SHALL PAY** Plaintiffs $4,225 in attorneys' fees for the work performed by Marianne Chevalier.

This 2nd day of December 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge